IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CARL LEE DAWSON                                                                    PLAINTIFF

v.                              Civil No. 05-6081

DR. HERMAN JONAK;
DREAM YOUNG, Infirmary
Administrator; and MS. POWELL,
Classification Officer, all at the
Ouachita River Unit                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 12, 2006, separate defendant Dr. Herman Jonak filed a motion to dismiss (Doc. 10). On January 17, 2006, separate defendant Dream Redic-Young filed a motion to dismiss (Doc. 15).

By order entered on January 30, 2006, the plaintiff, Carl Lee Dawson, was directed to complete, sign, and return a questionnaire that would serve as his response to the motions to dismiss (Doc. 18). Plaintiff's response to the questionnaire was filed on February 9, 2006 (Doc. 24). The motions to dismiss are before the undersigned for issuance of this report and recommendation.

### BACKGROUND

Dawson has been under the care of Dr. Jonak and Nurse Redic-Young since August of 2005. *Plaintiff's Response* (hereinafter *Resp.*) at ¶ 1 & ¶ 2. His claims against the defendants are based on the medical classification and/or restrictions they gave him in September of 2005. *Id.* at ¶ 3.

Dr. Jonak changed Dawson's restrictions and medical classification because of

-1-

degenerative joint disease in both his knees. *Resp.* at ¶ 4. Dawson maintains that Dr. Jonak is indirectly responsible for making job assignments since the medical classification is used to make the assignments. *Id.* at ¶ 5.

Dawson contends that Dr. Jonak was deliberately indifferent to Dawson's serious medical needs. *Resp.* at ¶ 7. Specifically, he contends that Dr. Jonak told Dawson that he was "faking it" to get out of work and that "nothing was really wrong" with him. *Id.* Dawson maintains that Dr. Jonak talked "real bad" and told Dawson in an unprofessional manner to leave the doctor's office. *Id.*

Dawson asserts that Nurse Redic-Young was deliberately indifferent because she tricked him into signing "those papers." *Resp.* at ¶ 8. He states that she said everything would be taken care of if he signed the papers but nothing ever happened. *Id.* Dawson agrees that Redic-Young was not responsible for making work assignments. *Id.*

The Arkansas Department of Correction (ADC) has a grievance policy. *Resp.* at ¶ 10. Under the grievance policy, the inmate is first to file an informal grievance. *Id.* at ¶ 11. If the problem is not resolved at the informal grievance stage, the inmate may file a formal grievance on the issue. *Id.* at ¶ 12.

The inmate is supposed to receive a response from the Warden within twenty days. *Resp.* at ¶ 13. If the inmate is not satisfied with the grievance response, he may appeal to the Deputy Director. *Id.* If the Warden does not respond to the grievance in twenty days, the inmate can also appeal to the Deputy Director. *Id.* at ¶ 14. The grievance procedure is not exhausted until after an appeal is made to the Deputy Director. *Id.* at ¶ 15.

Dawson agrees that he did not exhaust the grievance procedure in this case because he

did not file an appeal to the Deputy Director. *Resp.* at ¶ 16. He signed a grievance waiver on September 29, 2005, indicating that he agreed that grievance number 0R-05-00148 was resolved or he no longer wanted to pursue the matter. Dawson indicates that he voluntarily and knowingly signed the grievance waiver. *Id.* at ¶ 18. Grievance number OR-05-00148 is the number assigned to the grievance attached to Dawson's complaint. *Id.* at ¶ 19.

**DISCUSSION**

Defendants have moved to dismiss the case contending that Dawson has failed to state a claim upon which relief may be granted. They also contend he has failed to exhaust his administrative procedures. Finally, they contend that Dawson signed a grievance waiver indicating that he no longer wished to pursue grievance OR-05-00148.

As amended by the PLRA, 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738-39, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). Further, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency. *Concepcion v. Morton*, 306 F.3d 1347, 1352 (3d Cir. 2002). Specifically, it has been held that a grievance procedure contained in a handbook constitutes an available administrative remedy

-3-

within the meaning of § 1997e(a). *Conception*, 306 F.3d at 1352. When all claims have not been exhausted, the case is subject to dismissal. *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

In this case, Dawson agrees that he did not exhaust his administrative remedies, *Resp.* at ¶ 16, he also agrees that he voluntarily and knowingly signed a grievance waiver with respect to the grievance that forms the basis of this complaint, *resp.* at ¶ 18. Clearly exhaustion is a prerequisite to asserting a claim. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). We therefore have no choice but to dismiss this action. *Graves v. Norris*, 218 F.3d 884, 885-86 (8th Cir. 2000).

## CONCLUSION

I therefore recommend that defendants' motions to dismiss be granted as the plaintiff has failed to exhaust his administrative remedies and has additionally signed a grievance waiver. Dawson may, of course, file another lawsuit regarding his claim that he is being denied proper medical care after he has exhausted his administrative remedies.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of March 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)